Ransom, S.
-—The allegations of the petition for the revocation of his letters are denied by the executor under oath. This casts the burden of proof upon the petitioner. Cotterell v. Brock, 1 Bradf., 148.
The principle governing the disposition of application such as this is well expressed in this phrase, “whom the testator will trust, so will the law.” The executor is the confidential agent, solemnly chosen by the testator to execute his wishes as they may be expressed in his will. To this agent the testator confides a most sacred trust. The person who accepts the responsibility, assumes great obligations to the living and the dead, and, if he be alive to the binding force of those obligations and determined to discharge them bravely and honestly, without partiality or preference, it will rarely, if ever, happen that he will be called upon to defend himself against a charge of misconduct or of personal unfitness.
His duties are not, in the least difficult; even the law of common sense will guide him safely; and the statutes are exceedingly plain and simple, and extremely easy of application. He should ever keep in mind the obligations of his office, and be influenced in every official act thereby. Personal feeling of hostility, natural, perhaps, from family friction and controversies toward any person interested in *753 the estate of the testator, must never disturb the evenness and fairness of his official temper or conduct. It was well said by a distinguished judge, many years ago, that his office is “one of trust and confidence.”
On the other hand, charges lightly or slightingly made, the offspring of anger and dislike, founded really upon fancied grievances, in fact resting on substantially unreasonable demands, or reasonable demands, made in offensive words or manner, and hence refused, or entangled with oppressive and vexing conditions, are not sufficient ground to set aside the expressed will of the testator. His will must be obeyed by courts and parties within the wholesome rules which have been made in the ages that have passed, by judges and courts of the highest order of ability, aided by vast experience in the practical affairs of men. Under these rules, so familiar to all, we are not permitted to lightly pass over the wishes of the person who lives, but in the memory possibly of the very one chosen to represent him after death, and whom it is sought to displace. The reason for taking away the authority of a person so chosen should be well grounded upon undoubted proof of his utter improvidence and unfitness for the duties of his trust. I am not satisfied that a proper case for the. revocation of the letters testamentary in this proceeding has been made out. If the executor and those interested in this estate, will heed the suggestions here made, I have no doubt there will hereafter be perfect harmony in respect of all its affairs, at least those over which I have jurisdiction.